**IT IS ORDERED as set forth below:**



**Date: February 9, 2026**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| CORBIN L YOUNG, LLC, | : | 26-50042-LRC |
| Debtor. | : | |
| CITIZENS BANK NA f/k/a RBS Citizens NA, | : | CONTESTED MATTER |
| Movant, | : | |
| v. | : | |
| CORBIN L YOUNG, LLC, | : | IN PROCEEDINGS UNDER CHAPTER 11 OF THE |
| Respondent. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is the *Motion for Relief from Automatic Stay Nunc Pro Tunc to January 2, 2026, or in the Alternative Motion to Confirm Property is not Part of the*

*Bankruptcy Estate* (Doc. 16, the "Motion"), filed by Citizens Bank NA f/k/a RBS Citizens NA ("Movant") and called for hearing on January 29, 2026 (the "Hearing").   Present at the Hearing were Anjali Khosla, counsel for Movant; Alan Hinderleider, counsel for the United States Trustee; and creditor Corbin L. Young ("Young").   Corbin L Young, LLC ("Debtor") failed to appear in opposition to the Motion.

On March 25, 2025, Debtor filed a *pro se* voluntary petition under Chapter 11 of the Bankruptcy Code.  *See* Case Number 25-53242-LRC (the "First Case").   On March 26, 2026, the Court entered an Order Regarding *Pro Se* Entity Filing, notifying Debtor that it could not proceed in the bankruptcy case without counsel and giving Debtor until April 9, 2025, to file an application to employ counsel.  First Case, Doc. 5.  According to the documents filed by Debtor in the First Case, Debtor owned only one asset and owed no unsecured debts and only one secured debt.   First Case, Docs. 2, 12. The docket of the First Case reflects that Debtor failed to appear for the first meeting of creditors scheduled for April 25, 2025.   After forbearing for several weeks past the April 9th deadline, the Court eventually dismissed the First Case on April 28, 2025, due to Debtor's continued failure to obtain counsel. First Case, Doc. 17.

On January 2, 2026 (the "Petition Date"), Debtor filed a second *pro se* Chapter 11 petition.   On January 5, 2026, the Court again entered its Order Regarding *Pro Se* Entity Filing, notifying Debtor that it could not proceed in a bankruptcy case without counsel and

2

giving Debtor until January 20, 2026, to hire counsel. Doc. 4. Debtor's filed schedules, again, indicate that, other than $3,000 in bank savings, Debtor owns only one asset and has no unsecured creditors and only one secured creditor.[1]

On January 5, 2026, Movant filed an Emergency Motion to Cry Foreclosure Sale (Doc. 5, the "Emergency Motion"). In the Emergency Motion, Movant asserted that Young was obligated on a note (the "Loan") secured by a deed to secure debt on 5530 Campbellton Road SW, Atlanta, GA 30331 (the "Property") and that Movant is an entity entitled to enforce the note and security deed. Movant further alleged that Debtor filed this bankruptcy case on the eve of a scheduled foreclosure sale for the purpose of hindering and delaying Movant from exercising its state law remedies and foreclosing on the Property. Movant noted that this case is Debtor's second Chapter 11 case and that Debtor filed this case without counsel, notwithstanding its knowledge that doing so caused the dismissal of the First Case. Movant also contended that Young, rather than Debtor, owned the Property. According to Movant, Young, acting as the principal of Debtor, claimed in a letter to Movant that, although Debtor filed this case to protect *Young's* interest in the Property, Debtor's bankruptcy filing somehow stayed Movant's scheduled foreclosure sale. *See* Emergency Motion, Exhibit C. Accordingly, out of an abundance of caution, Movant filed the Emergency Motion, asking the Court to allow Movant to cry the

---

[1] On Schedule D, Debtor lists both Young and Movant as holding a security interest in Debtor's real estate. There appears to be only one debt, however.

3

foreclosure sale. Given the shortened notice, Movant agreed not to record any foreclosure deed until the Court could hold a further hearing with additional notice.

The Court held an expedited hearing on the Emergency Motion on January 6, 2026, at which counsel for Movant and counsel for the United States Trustee appeared. No party appeared in opposition to the Emergency Motion, and the Court entered an order permitting Movant to cry the foreclosure sale without recording the foreclosure sale deed. Doc. 9. On January 12, 2026, Movant filed the Motion, which discloses that Movant held a foreclosure sale on January 6, 2026, and purchased the Property. Movant further asserted that the payoff on the Loan as of the date of the foreclosure sale was $352,116.52, that the fair market value of the Property was $308,000,[2] that the Loan originated in February 2024, and that Movant had received a total of only five payments on the Loan since that time. Movant asserted that the lack of payments on the Loan while the arrearage continued to increase evidenced Debtor's bad faith in filing the case and demonstrated "an intention to thwart the lender in its attempt to enforce its rights to foreclose this property and ultimately amount to a scheme to delay and hinder Movant." Accordingly, Movant requested the Court lift the stay retroactively to the date of the foreclosure sale, permit Movant to record the foreclosure sale deed, and grant whatever relief is necessary to permit Movant to exercise its state law rights to recover the Property. Alternatively, if the Court

---

[2] This figure is consistent with the value placed on the Property by Debtor on Schedule A/B of $305,500. *See* Doc. 19.

4

found that the Property was not property of Debtor's bankruptcy estate and, therefore, the automatic stay did not apply, Movant requested an order confirming that fact.

On January 16, 2026, Young filed a letter in apparent response to the Emergency Motion and the Court's order allowing Movant to cry the foreclosure sale of the Property (Doc. 17, the "Letter"). In the Letter, Young did not dispute Movant's statements that Young, rather than Debtor, owned the Property. Indeed, Young stated "Yes, Corbin L Young is the owner of the [Property]" but argued that Young's ownership of the Property did not preclude a finding that Debtor may have a "vested interest" in the Property "without the necessity of a transfer of assets." Letter, at 2. In the Letter, Young also referenced a lawsuit he filed in the District Court (Case No. 25-7410, the "District Court Action") on December 29, 2025. In the complaint filed in the District Court Action, Young alleged that the named defendants were "claiming ownership and the right to foreclose on *Young's* residential home and property of 5530 Campbellton Road SW, Atlanta, GA 30331." District Court Action, Doc. 1 (the "Complaint"), p. 2. There is no allegation in the Complaint that Debtor owned an interest in the Property. Young also repeatedly argued that the defendants' attempts to foreclose the loan constituted a violation of *Young's* due process rights, presumably because he was the owner of the Property. *Id.*, pp. 6, 9 (noting that the Fifth Amendment prevents any person from being deprived of property without due process).

5

At the Hearing, Movant again asserted that the Property was not property of Debtor's bankruptcy estate. Alternatively, Movant argued that, if the Court found that the Property was property of Debtor's bankruptcy estate, given the facts surrounding the filing of the case and Debtor's failure to prosecute the case by obtaining counsel, it would be inequitable to require Movant to rescind the foreclosure sale and start over. Young, appearing in his capacity as a creditor of Debtor, argued, without support, that the Court should not have allowed Movant to conduct a nonjudicial foreclose sale because the contract between the parties required Movant to foreclose through a judicial foreclosure proceeding. Young also asserted that Movant had not demonstrated it was the owner of the note and deed to secure debt.[3] The United States Trustee took no position on the Motion.

After hearing the arguments of Movant and Young, the Court concluded that the Property was not property of Debtor's bankruptcy estate on the Petition Date and that Debtor filed this case in bad faith. After the Court announced its ruling and concluded the Hearing, Young stated that he had a "quit claim" deed. Immediately after the Hearing, Young filed the quit claim deed with the Clerk of Court (Doc. 25, the "Quit Claim Deed"). Notwithstanding Young's multiple assertions to the District Court and this Court that he

---

[3] Based on the documents filed by Movant, the Court finds that Movant has established a "colorable claim" that it is entitled to enforce the note and security deed. *See In re Dees*, No. 19-66217-PWB, 2021 WL 3671110, at *4 (Bankr. N.D. Ga. Aug. 12, 2021), aff'd sub nom. *Dees v. New Rez LLC*, No. 1:21-CV-3475-JPB, 2022 WL 3030548 (N.D. Ga. July 29, 2022) (noting that a showing of a colorable claim provides sufficient standing to a movant seeking relief from the automatic stay).

6

owned the Property, the Quit Claim Deed, executed on March 25, 2025, purports to transfer the Property from Young to Debtor. It is witnessed and notarized but does not bear any recording stamp. The Quit Claim Deed contains certain language that appears to make the transfer of the Property to Debtor conditional or perhaps subject to divestment upon the occurrence of a certain event.

The Court has no admissible evidence before it that Debtor owned the Property on the Petition Date. Out of an abundance of caution, however, the Court will modify the ruling it made at the Hearing to solely grant Movant the relief it requested in the Motion rather than the alternative relief. The filing of a bankruptcy petition in bad faith constitutes "cause" to lift the stay pursuant to § 362(d)(1). *In re Phoenix Piccadilly, Ltd*., 849 F.2d 1393, 1394 (11th Cir. 1988) (considering the existence of certain bad faith factors to determine whether a Chapter 11 petition was filed in bad faith; these factors are any which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights'").

Here, the *Phoenix Piccadilly* factors favor a finding that Debtor filed this case in bad faith: (1) assuming Debtor owns the Property, Debtor has only one asset in which it does not have legal title as the Property is subject to Movant's interest; (2) Debtor does not

7

appear to be operating a substantial business in the Property; (3) Debtor filed this case on the eve of a foreclosure sale of the Property and for no other apparent reason; (4) Debtor does not appear to have any employees; (5) Debtor has no unsecured creditors; (6) Debtor filed but did not prosecute the First Case; (7) this case is clearly a two-party dispute between Debtor and Movant; and (8) as Debtor has not fulfilled its obligations as a Chapter 11 debtor, this case is due to be dismissed as a result of Debtor's failure to file an application to employ counsel. The *Phoenix Picadilly* factors overwhelmingly establish that this case was filed in bad faith for the sole purpose of hindering and delaying Movant from exercising its state law rights with regard to the Property, and that constitutes "cause" to modify the stay under § 362(d)(1). Further, given the fact that this case will be dismissed, no bankruptcy purpose would be served by not modifying the automatic stay to permit Movant to record the foreclosure sale deed.

For all these reasons,

IT IS ORDERED that the Motion is **GRANTED**;

IT IS FURTHER ORDERED that the automatic stay provided by 11 U.S.C. § 362(a), which the Court previously modified to permit Movant to cry the foreclosure sale, is hereby further modified to permit Movant to record the foreclosure sale deed and to recover possession of the Property.

**END OF DOCUMENT**

**Distribution List**

Corbin L Young, LLC
5530 Campbellton Rd SW
South Fulton, GA 30331

Corbin L Young
5530 Campbellton Rd SW
South Fulton, GA 30331

Alan Hinderleider
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Anjali Khosla
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071